# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DARLENE M. BRUNETT, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NUMBER 18-cv-00163 |
| v. | )<br>)<br>) |
| THE COLLECTION FIRM OF FRANKLIN COLLECTION SERVICE, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## UNOPPOSED MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION TO MOTION TO DISMISS *INSTANTER*

NOW COMES Plaintiff DARLENE M. BRUNETT ("Plaintiff"), by and through her counsel, James C. Vlahakis, and respectfully seeks leave of court to file her Response in Opposition to Defendant's Motion to Dismiss *instanter*

1. This is an unopposed motion, made in consultation with counsel for Defendant.

2. Defendant has moved to dismiss Plaintiff's putative FDCPA based class action and Plaintiff's Response was due to be filed on or before April 6, 2018.

3. In accordance with counsel's obligations, the undersigned prepared a Response and finalized the Response for filing on or about April 6, 2018. The undersigned personally converted the Word document into a PDF for filing at 6:21 p.m., made additional edits, and prepared a final PDF for filing at 6:35 p.m.

4. The undersigned counsel personally logged onto the ECF filing system intending to file the finalized Response brief. A true and accurate copy of counsel's ecf.wied.uscourts.gov based browsing history from April 6, 2018, is pasted below.

1



5. Plaintiff's counsel recalls accessing and uploading the filing PDF for filing, but through excusable neglect, *see* FRCP 6(b)(1)(B), counsel failed to click the final submission button to file the document.

6. Plaintiff's counsel spoke with defense counsel about these circumstances, but before counsel obtained his browser history, and defense counsel indicated the following: "We do not object provided the response brief is filed with your motion by COB [Tuesday]."

7. Excusable neglect exists in this case because the error that led to the failure to formally file the Response was not a docketing error in the sense that Plaintiff's counsel calculated the wrong date by which to file the Response.

8. No harm or prejudice will result from granting Plaintiff leave to file its Response *instanter* as this case is relatively new. And in fairness, Plaintiff's counsel agreed to defense counsel's request to forego issuing written discovery while Defendant's motion to dismiss is pending. Defense counsel suggested this approach, in part, because Defendant has defeated lawsuits involving similar language. Simply

2

stated – Plaintiff's counsel (a former consumer class action defense attorney) agreed to hold off on issuing discovery to avoid wasting resources of the Defendant while the Court decides a pure legal issue – whether the language of the collection letter violates the FDCPA.

9. While Plaintiff's counsel believes that the motion to dismiss should be denied, if the motion is granted, Defendant will have avoided the cost of responding to boilerplate FDCPA discovery.[1]

10. Attached hereto As Exhibit 1 is a copy of the original, unedited Response to the Motion to Dismiss.

WHEREFORE, these reasons, Plaintiff DARLENE M. BRUNETT respectfully requests leave to file the attached Response *instanter*.

Respectfully submitted,

Plaintiff DARLENE M. BRUNETT, individually, and on behalf of all others similarly situated,

By:   s/James Vlahakis
      James Vlahakis
      jvlahakis@sulaimanlaw.com

      SULAIMAN LAW GROUP, LTD.
      2500 South Highland Avenue, Suite 200
      Lombard, Illinois 60148
      (630) 581-5456 telephone
      (630) 575-8188 facsimile

---

[1] Having said that, Plaintiff will seek limited discovery on the total number of letters sent during the time period in question.

3

Case 2:18-cv-00163-JPS   Filed 04/16/18   Page 3 of 3   Document 21