# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DARLENE M. BRUNETT,<br><br>           Plaintiff,<br><br>v.<br><br>FRANKLIN COLLECTION SERVICE INC., *doing business as* THE COLLLECTION FIRM OF FRANKLIN COLLECTION SERVICE INC.,<br><br>           Defendant. | Case No. 18-CV-163-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

Plaintiff filed this class action on January 30, 2018. (Docket #1). She sues Defendant for sending her, and members of the putative class, allegedly misleading debt collection letters. *Id.* Plaintiff brings claims under various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. Id.* at 4–5. Defendant moved to dismiss Plaintiff's Complaint on March 16, 2018. (Docket #18). That motion is now fully briefed. (Response, Docket #22; Reply, Docket #23). For the reasons stated below, the motion must be granted.

2. **STANDARD OF REVIEW**

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). That Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's Complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Kubiak v. City of Chicago*, 810 F.3d

476, 480–81 (7th Cir. 2016) (citation omitted). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted).

In addition to the FRCP 12(b)(6) standard of review, the Seventh Circuit has provided further direction in evaluating the viability of FDCPA claims. Such claims are assessed from the perspective of the "unsophisticated consumer." An unsophisticated consumer "may be uninformed, naïve, [and] trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences[.]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations and quotations omitted). Although unsophisticated consumers "may tend to read collection letters literally, [they] do[] not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Protection Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citations and quotations omitted). In the case of letter-based FDCPA violations, the court considers whether the subject letter is "confusing to a significant fraction of the population." *Id.* (quotation omitted).

To prove a claim that language in a collection letter is misleading or deceptive, the Court of Appeals has established three categories of cases:

> The first category includes cases in which the challenged language is "plainly and clearly not misleading." No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. *Lox*[, 689 F.3d at 822]. The

second *Lox* category "includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer." *Id.* In such cases, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.*, quoting *Ruth* [*v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)]. The third category is cases in which the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is required for the plaintiff to prevail. *Id.*

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016). Defendant seeks dismissal of each of Plaintiff's claims, asserting that they fall into the first category. The Seventh Circuit "ha[s] cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quotation omitted).

3.   **RELEVANT FACTS**

Accepting the truth of Plaintiff's well-pleaded allegations and drawing all reasonable inferences in her favor, the relevant facts are as follows. Plaintiff allegedly owes a debt to AT&T. (Docket #1). Defendant sent her a letter attempting to collect that debt on September 11, 2017 (the "Letter"). (Docket #1-1 at 2).[1] The Letter appears as follows:

---

[1]Plaintiff has attached a copy of the Letter as an exhibit to her Complaint. The Court can therefore consider it as part of its decision on the motion to dismiss without converting the motion into one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

```
FCSI                    THE COLLECTION FIRM                                      Form T8-01
P.O. BOX 3910                     OF
TUPELO MS 38803-3910    FRANKLIN COLLECTION SERVICE, INC
                              PO BOX 3910
                          TUPELO, MS 38803-3910

                        TOLL FREE: (888) 215-8961
```


NOTICE DATE:   SEPTEMBER 11, 2017              WWW.FRANKLINSERVICE.COM
                                        Make checks payable to Franklin Collection Service, Inc.

DARLENE BRUNETT

MILWAUKEE WI 53227-4060

| OWED TO: | AT&T |
|---|---|
| FCSI CASE #: | 4997 |
| CLIENT ACCOUNT NUMBER: | 2 626 |
| TOTAL DUE THIS ACCOUNT: | 188.91 |

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT.

MR./MS. DARLENE BRUNETT

OUR PRIOR COMMUNICATION TO YOU REGARDING THE ABOVE REFERENCED FCSI CASE NUMBER HAS NOT RESULTED IN FULL PAYMENT OF THE DEBT. IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL 888-215-8961.

YOUR FAILURE TO RESPOND COULD LIMIT YOUR OPTIONS TO VOLUNTARILY SATISFY THIS DEBT.

***CAUTION***
**TO ENSURE PROPER CREDIT INCLUDE YOUR FCSI CASE NUMBER AND MAIL THIS NOTICE WITH YOUR PAYMENT**

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BUSINESS HOURS: MONDAY-FRIDAY 8 A.M. - 9 P.M., SATURDAY 8 A.M. - 5 P.M. CST

FRANKLIN COLLECTION SERVICE, INC.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

| Call: | Online: | Mail: |
|---|---|---|
| Call Toll-Free at 1-888-215-8961 to discuss payment methods. Let us prove how committed we are to working with you! Or Pay Anytime: (866) 319-0760 Have your FCSI Case Number and checking or credit card information ready to complete your payment transmittal. | Don't want to talk to a live FCSI Case Worker? Go to WWW.FRANKLINSERVICE.COM to chat with an online FCSI Representative. Or Pay online at WWW.FRANKLINSERVICE.COM | Mail all payments to: FCSI PO BOX 3910 TUPELO MS 38803-3910 Be sure to add your FCSI Case # on all correspondence. |

*Id.*

4. **ANALYSIS**

Plaintiff's overarching theory is that the Letter improperly invokes legal overtones to compel payment of her debt. In her Complaint, she brings her claims in three counts, which the Court will address out of order (the reason will soon be apparent). Count Two is asserted pursuant to 15 U.S.C.

§ 1692e, which prohibits the use of false or misleading representations in the collection of a debt. 15 U.S.C. § 1692e. Plaintiff contends that Letter is misleading because "it implies that Defendant has retained legal counsel to review the debt at issue, authorize the transmission of the [Letter] and/or approve the language of the [Letter]." (Docket #1 at 4). Count Three alleges violations of 15 U.S.C. § 1692d, which proscribes oppressive and harassing collection conduct. 15 U.S.C. § 1692d. The Letter is oppressive "to the extent it instructs, suggests or implies that Plaintiff was required to retain legal counsel." (Docket #1 at 5). Finally, Plaintiff brings Count One pursuant to 15 U.S.C. § 1692f, which forbids unfair or unconscionable collective activity. 15 U.S.C. § 1692f. Plaintiff does not tie any specific aspect of the Letter to Section 1692f, which is generally viewed as the FDCPA's catchall provision. (Docket #1 at 4); *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) ("Section 1692f's catch-all prohibition on unfairness is as vague as they come.") (quotation omitted).

Plaintiff's response brief expounds on the Complaint, stating that the Letter violates the FDCPA for the following reasons:

1. the letter improperly suggested that Plaintiff should contact and [sic] attorney if she declined to pay the debt off in full;

2. the letter improperly implied that Plaintiff should have already retained an attorney in response to a prior collection letter;

3. the letter improperly suggested that Plaintiff should retain an attorney if she does not want to pay the debt;

4. the letter improperly instructions [sic], suggests and/or implies that she should hire a lawyer for in [sic] response to a $188.91 debt.

(Docket #22 at 2). The "gist" of Counts Two and Three are that the Letter "violates the FDCPA by falsely threatening impending legal action, with the concomitant need to retain counsel." *Id.* at 3–4 (quoting (Docket #19 at 4)). Plaintiff maintains that the Letter was carefully crafted to scare her into believing that she needed a lawyer because litigation was imminent. *See id.* at 9–11.

Claims nearly identical to Plaintiff's have been persuasively rejected by a number of other district courts. Those courts were called on to evaluate similar language in other letters sent by this very Defendant. Plaintiff argues that the cases are distinguishable, but the Court disagrees. A brief review of those opinions reveals why. The *Clark* court analyzed a similar letter which contained the passage which forms the most impactful portion of our Letter:

> IF YOU ARE NOT PAYING THIS AT & T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215–8961[.]

*Clark v. Franklin Collection Serv., Inc.*, No. 14-CV-8067, 2015 WL 3486767, at *1 (D.N.J. June 2, 2015). Like Plaintiff, Clark alleged that his letter was harassing under Section 1692d and misleading under Section 1692e. *Id.* at *2.

*Clark* first held that "[t]here is nothing in the tone or content of the letter that is abusive or harassing." *Id.* The letter "merely puts Plaintiff on notice of the debt and informs Plaintiff that he should take one of three actions: pay the debt, call the Defendant, or consult a lawyer about the possible consequences of doing neither." *Id.* Critically, the letter would not

coerce a debtor "into thinking he would have to pay the debt in order to avoid some immediate consequence." *Id.*

*Clark* then addressed whether the letter was misleading, which occurs "'where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Id.* at *3 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d. Cir. 2006)). Clark advanced the same theory as Plaintiff—that the letter falsely implied a threat of litigation when Defendant had no intention of suing. *Id. Clark* rejected this reading, noting that the letter made no such threat. While words like "'remedies,' 'defenses,' 'firm,' 'case,' and 'attorney' do allude to legal rights," *Clark* found that those words did not create a sufficiently concrete and imminent threat of litigation. *Id.* To conclude, the *Clark* court made the following apt observation:

> In any effort to collect an unpaid debt, litigation is a theoretical possibility. Any legal terms like "rights," "defenses," "attorney," "firm," and "case" can evoke the idea of litigation. Thus, it is impossible not to place a debtor in some degree of apprehension of litigation when he or she receives a debt collection notice. Where the communication crosses the line from being informative and suggestive to being objectively threatening or deceptive to an unsophisticated debtor—that is where a court must draw the line between legal and illegal behavior. By merely informing the debtor that there is an outstanding debt and that the debtor should explore his options with the debt collector or a lawyer, the Defendant did not cross that line.

*Id.*

Next comes *Covington*, which addressed the same primary passage as *Clark*. *Covington v. Franklin Collection Servs., Inc.*, No. 16-2262-JWL, 2016 WL 4159731, at *1 (D. Kan. Aug. 5, 2016). Relying on *Clark*, *Covington* agreed

that the letter simply gave the debtor options without threatening imminent legal action. *Id.* at *2. Thus, the court had no need to address whether Defendant in fact intended to initiate litigation; without a threat to sue, there can be no *improper* threat to sue. *Id.* at *3. *Covington* also expressly relied on the Seventh Circuit's decision in *Combs*, which found that the statement "WE ADVISE YOU TO CONSULT WITH YOUR ATTORNEY REGARDING YOUR LIABILITY" did not violate the FDCPA. *Combs v. Direct Marketing Credit Servs., Inc.*, 165 F.3d 31, 1998 WL 911691, at *1 (7th Cir. 1998). *Combs* holds that

> for a collection notice impermissibly to threaten legal action, it must falsely communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made. Even indirect or oblique threats give rise to liability, provided they indicate that legal action is underway or contemplated in the near future.

*Id.* at *2 (citations and quotations omitted).

Finally, the *Rivera* court faced yet another similar letter and similar FDCPA claims. *Rivera v. Franklin Collection Servs., Inc.*, No. 17-631, 2017 WL 3075085, at *1 (E.D. Pa. July 19, 2017). *Rivera* juxtaposed two opinions addressing Defendant's letters—*Clark* and *Huling v. Franklin Collection Service, Inc.*, No. 1:16-CV-0370-CC-JSA, 2016 WL 4803196 (N.D. Ga. Sept. 13, 2016). *Id.* at *3. *Huling* addressed the same passage quoted in *Clark*, but with an additional sentence stating that the collection matter "WILL BE PURSUED TO A CONCLUSION!" *Huling*, 2016 WL 4803196, at *1. Distinguishing *Clark* and *Combs*, *Huling* held that its letter went beyond mere advice and made an express threat to pursue the debt "to a conclusion," without explaining what that pursuit would entail. *Id.* at *3. This "ominous" threat, coming soon after the discussion of lawyers and

defenses, could reasonably lead to an inference that Defendant intended to sue. *Id.* at *4.

*Rivera*, in turn, distinguished *Huling*. Rivera's letter did not include the "PURSUED TO A CONCLUSION!" statement. *Rivera*, 2017 WL 3075058, at *3. Rather, Rivera's letter was more like Clark's. In agreement with *Clark* and *Covington*, *Rivera* held that the letter provided a truthful list of options which did not impress upon the reader "that he was required to either pay or suffer dire consequences." *Id.* Further, Rivera's letter discussed a "settlement opportunity." *Id.* at *4. Like *Clark*, *Rivera* found that merely referencing a "settlement" does not imply imminent litigation. *Id.*

The reasoning of *Clark*, *Covington*, *Rivera*, and *Combs* is convincing and dictates that Counts Two and Three must be dismissed.[2] Plaintiff attempts to distinguish those opinions by noting some of the Letter's specific language, but the distinctions are not dispositive. Plaintiff first takes issue with the sentence "YOUR FAILURE TO RESPOND COULD LIMIT YOUR OPTIONS TO VOLUNTARILY SATISFY THIS DEBT." (Docket #1-1 at 2). Like the *Clark* court, this Court finds that use of "voluntarily" is at best an oblique reference to legal remedies which does not expressly or impliedly threaten imminent and definite litigation. The passage is also softened by the excision of the offending *Huling* threat.

Next, Plaintiff complains of Defendant's repeated references to a "case number." *Id.* This is even less impactful than the "voluntarily"

---

[2]Each of these courts followed the "least sophisticated consumer" standard, which sets a slightly lower bar than the Seventh Circuit's "unsophisticated consumer" standard. *See, e.g.*, *Clark*, 2015 WL 3486767, at *2. The distinction is not terribly important here, but to the extent it is relevant, it makes the cases even more persuasive. The "unsophisticated" consumer is less apt to be deceived or coerced than the "least sophisticated" consumer.

sentence; a "case number" can be used in many contexts outside of litigation. Instead, the phrase is most akin to the "settlement offer" in *Rivera*, which likewise did not imply imminent legal action. Further, each reference to a "case number" is preceded by a reference to "FSCI," an acronym for Defendant's name. This eliminates the possible inference that the "case number" was one issued by a court of law.

Finally, Plaintiff contends that Defendant impermissibly titles itself "THE COLLECTION FIRM OF FRANKLIN COLLECTION SERVICE, INC.," where use of the word "firm" was intended to imply the involvement of a law firm. *Id.* Not only is "firm" non-exclusive to the legal profession, but the Letter makes no other reference to a law firm. Instead, it identifies Defendant as a corporation and a debt collector. Plaintiff's interpretation of this portion of Defendant's letter was also specifically rejected more than five years ago. *Bradley v. Franklin Collection Serv., Inc.*, No. 5:10-cv-01537-AKK, 2013 WL 1346714, at *13 (N.D. Ala. Mar. 28, 2013), *aff'd in part and rev'd on other grounds,* 739 F.3d 606, 610 (8th Cir. 2014).

Plaintiff provides no authority which is more persuasive than the line of cases addressing Defendant's own variations of the Letter. Indeed, she cites only one case not discussed above, and that opinion *assumed without deciding* that the letters before it threatened litigation. *Pierson v. Franklin Collection Serv., Inc.*, 965 F. Supp. 2d 957, 965–66 (E.D. Tenn. 2013). *Pierson* thus provides no support at all to Plaintiff's interpretation of the Letter. In the end, the Court is left with no reason to disagree with *Clark*, *Covington*, and *Rivera*. In line with those cases, and the Seventh Circuit's instruction in *Combs*, the Court concludes that the Letter does not threaten legal action or improperly coerce an unsophisticated consumer into seeking attorney representation. The Letter is also plainly not misleading in either

regard. The Letter does not, therefore, violate Sections 1692d or 1692e as a matter of law.³

The Court has not yet addressed Count One, but in light of the disposition of Counts Two and Three, it too fails. Courts in this Circuit and elsewhere hold that Section 1692f cannot be used to address alleged collection misconduct which forms the basis of a plaintiff's other claims. *See Riel v. Immediate Credit Recovery Inc.*, No. 17-CV-440-JPS, 2018 WL 502659, at *2 n.3 (E.D. Wis. Jan. 22, 2018); *Rivera*, 2017 WL 3075085, at *4. In its opening brief, Defendant asserted that Count One was impermissibly duplicative of the other counts. (Docket #19 at 8–9). Plaintiff did not offer a meaningful response. *See generally* (Docket #22 at 4–11). Accordingly, the Court must agree with Defendant that Plaintiff's Section 1692f claim lacks a factual basis independent from her other claims. Count One will therefore be dismissed.

5.  **CONCLUSION**

In light of the foregoing, Defendant's motion to dismiss must be granted. Generally, after granting a motion to dismiss, courts should allow a plaintiff leave to amend her complaint to correct its deficiencies prior to dismissing an entire action. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & N.W. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Leave need not be given, however, if the defects are clearly uncorrectable, and thus amendment would be futile. *Id.* at 520. Amendment would indeed be futile here; Plaintiff cannot change the language of the Letter. This action will,

---

[3]The Court well appreciates Plaintiff's concern about the pressure the Letter might impose upon a debtor. It is indeed strongly worded. But the FDCPA does not prevent debt collectors from insisting on prompt payment. As in *Clark*, the Letter has not crossed the line from "being informative and suggestive to being objectively threatening or deceptive." *Clark*, 2015 WL 3486767, at *3.

therefore, be dismissed with prejudice without granting leave to amend the Complaint.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #18) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge